IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:17-CR-142-D
No. 5:19-CV-435-D

| | |
|---|---|
| KEITH LAMONT TUTT, ) | |
| ) | |
| Petitioner, ) | |
| ) | MEMORANDUM IN SUPPORT |
| v. ) | OF MOTION TO DISMISS |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

Respondent, by and through the United States Attorney for the Eastern District of North Carolina, submits this memorandum in support of its Rule 12(b)(6) motion to dismiss Petitioner's motion under § 2255 to vacate, set aside, or correct his sentence ("Section 2255 Motion") [D.E. 77, 77-1].

## SUMMARY OF ARGUMENT

Petitioner worked "hand and glove with Maurio Mitchell" as part of Mitchell's large-scale drug trafficking organization. Sentencing Hearing Transcript [D.E. 58] ("Sent. Tr.") at 34. Petitioner used his automotive business "as a front where [he] . . . stored and sold narcotics and drug proceeds." Id. Petitioner was charged as part of a drug trafficking conspiracy involving at least five kilograms of cocaine and a related gun charge [D.E. 18] and pleaded guilty pursuant to a written plea agreement [D.E. 28].

The Court held a lengthy Rule 11 hearing during which Petitioner, while under

1

oath, agreed that he fully understood the terms of his plea agreement, that he discussed the terms of the plea agreement with his counsel, and that he was fully satisfied with the representation and advice provided by counsel. Rule 11 Hearing Transcript [D.E. 56] ("Rule 11 Tr.") at 28, 32. During the hearing, Petitioner acknowledged on three separate occasions that if he entered a guilty plea he would not be allowed to withdraw such plea. Rule 11 Tr. at 27, 30, 31. He was also informed that any stipulation that he had with the Government was not binding on the Court. Id. at 7. After acknowledging that he understood that he still had the right to plead not guilty, Petitioner knowingly and voluntarily entered a plea of guilty to the drug trafficking conspiracy and the related gun charge.

Petitioner seeks to vacate his conviction because his attorney provided ineffective assistance by providing the following response to his inquiry about withdrawing his guilty plea: "that it was simply impossible to withdraw the plea agreement following Petitioner's colloquy." Memorandum in Support of Section 2255 Motion [D.E. 77-1] ("Section 2255 Memo.") at 3. Notwithstanding this sound legal advice, at sentencing Petitioner moved to withdraw his guilty plea and then pursued a factual objection to portions of his Presentence Investigation Report [D.E. 35] ("PSR") relating to his interactions with Williams. Sentencing Hearing Transcript [D.E. 58] ("Sent. Tr.") at 2, 8-9. After denying Petitioner's motion to withdraw his plea and his objection to the PSR, the Court held that a reduction for "acceptance of responsibility" was not warranted because his PSR objection and his attempt to withdraw his guilty plea "both independently reflect the fact that he has

2

not accepted responsibility." Sent. Tr. at 24.

After losing an appeal of the Court's denial of an "acceptance of responsibility" advisory guideline reduction, Petitioner attempts to re-litigate the issue under the guise of an ineffective assistance claim. This claim fails because Petitioner is unable to show that his counsel's representation was deficient or that any perceived deficiency prejudiced him.

Although not contained as a separate ground for relief in his Section 2255 Motion, Petitioner's filing appears to challenge, for the first time, the finding that he was responsible for in excess of five kilograms of cocaine. Section 2255 Memo. at 17-20. To the extent this is a considered a separate ground for relief, it should be dismissed because it is not cognizable on collateral review, was waived in his plea agreement, and was procedurally defaulted by the Petitioner.

## FACTUAL AND PROCEDURAL STATEMENT

### I. Facts

In late 2015, the Federal Bureau of Investigation ("FBI") began an investigation of the Maurio Mitchell ("Mitchell") drug trafficking organization in Durham and Wake County in North Carolina. PSR at ¶ 6. In March 2016, the FBI, while conducting wiretaps of Mitchell's phones, overheard Mitchell providing instructions to Petitioner regarding ongoing drug trafficking activities. Id. Petitioner and Mitchell operated an automobile dealership named Elite Auto Mart ("Elite Auto") that was used, in part, as a location to store and sell narcotics and to keep the proceeds from such transactions. Id. at ¶ 7. Following Mitchell's arrest,

3

he made jailhouse calls to Petitioner with instructions on how to operate the drug trafficking organization during Mitchell's incarceration. Id. at ¶ 8. Law enforcement ultimately seize seven kilograms of cocaine and in excess of three kilograms of heroin in connection with its investigation of this drug trafficking organization. Criminal Complaint [D.E. 1] at ¶ 3.

Based on its review of the wiretaps, the FBI discovered that the drug trafficking organization was utilizing Elite Auto as a location to conduct drug transactions. Sent. Tr. at 16-17. Consequently, the FBI set up a pole-camera in the area of Elite Auto and observed persons identified during the wiretaps frequenting Elite Auto. PSR at ¶ 9; Criminal Complaint [D.E. 1] at ¶ 4. The FBI also received information pertaining to a "stash house" maintained by Petitioner in connection with his drug trafficking. PSR at ¶ 10.

On March 31, 2017, the FBI searched Petitioner's "stash house" pursuant to a search warrant. PSR at ¶ 11. The FBI seized 864.3 grams of cocaine, digital scales containing cocaine and heroin residue, four empty kilogram cocaine wrappers,[1] a shotgun with two 20-round drum style magazines, and large quantities of packaging material (including three kilogram-sized presses and a heroin press), blenders, strainers, and a large quantity of cutting agent.[2] Id.; Criminal Complaint [D.E.] ¶

---

[1]The four empty kilogram-sized cocaine wrappers each tested positive for cocaine. Criminal Complaint [D.E. 1] at ¶ 9.

[2]The FBI located two 55-pound tubs of cutting agent in the closet of Petitioner's stash house. Rule 11 Tr. at 37.

4

8. The FBI also seized 182 grams of cocaine from Petitioner's car and six semi-automatic rifles and a shotgun from a storage unit rented by Petitioner. PSR at ¶¶ 10-11. A search of Elite Auto resulted in the seizure of a digital scale, a cup with cocaine residue, and handgun ammunition. Id. at ¶ 12  Petitioner was arrested on April 3, 2017, pursuant to a Complaint [D.E. 1].

## II. Procedural History

On May 3, 2017, a two-count indictment was returned charging Petitioner with the following: (a) Count One – conspiring to distribute and possess with intent to distribute five kilograms or more of cocaine (10 years to life imprisonment); and (b) Count Two – possession of a firearm in furtherance of such drug trafficking crime (5 years to life, consecutive).

Pursuant to plea negotiations, Petitioner entered a plea agreement to both counts of the indictment [D.E. 28]. The fact that the plea to count one covered a conspiracy of "five kilograms or more of cocaine" was made clear on the first page of the plea agreement [id. at ¶ 2(a)] and again on page four [id. at ¶ 3(a)]. Petitioner waived his appeal and post-conviction challenge rights, excepting only ineffective assistance of counsel or prosecutorial misconduct not known at the time of the guilty plea. Id. at ¶ 2(c). The parties entered a stipulation regarding the applicability of a downward adjustment for acceptance of responsibility in computed Petitioner's advisory guideline range. Id. at ¶ 5(a). The plea agreement clearly noted that such stipulation was "no binding on the Court in its application of the advisory guideline range." Id.

5

On July 11, 2017, the Court conducted a plea hearing in this case [D.E. 56]. At the outset of the hearing, Petitioner stated that he was 40 years' old, had graduated high school, had received a copy of the indictment, and had discussed the charges and his case with counsel. Rule 11 Tr. at 19, 22. After neither defense counsel, nor the Government, expressed any concern about Petitioner's competency, the Court found him competent to proceed. Id. at 20-21.

The Court advised Petitioner of his trial-related rights and the consequences of pleading guilty. Id. at 4-6. The Court also advised Petitioner that "[a]ny stipulations or sentencing recommendations contained in your plea agreement are not binding on the Court," and that "[r]egardless of the advisory sentencing guideline ultimately found to be appropriate, you may not withdraw a guilty plea tendered and conditionally accepted today" Id. at 7. The Court summarized the charges against Petitioner and advised him of their associated penalties and the fact that the conspiracy alleged five kilograms or more cocaine, all of which Petitioner said he understood. Id. at 22-24.

In response to the Court's queries, Petitioner represented that he had signed the plea agreement, read it, discussed it with his attorney, and understood its terms. Id. at 29. The Court elicited that Petitioner had not been forced or pressured into entering the agreement, but was pleading guilty of his own volition and free will. Id. at 30. The Court summarized some portions of the plea agreement, including Petitioner's waiver of appellate and post-conviction challenge rights. Id. at 29. The Court then confirmed Petitioner's understanding that "if the Court would impose the

6

maximum penalty allowed by law as your sentence you would not be allowed to withdraw your guilty plea." Id. at 30. The Court then confirmed that Petitioner knew he still had the right to plead not guilty and proceed to trial. Id. at 31. The Petitioner then pleaded guilty to each count of the indictment and acknowledged the following "[t]hat the amount attributable to you as a result of your own conduct and the conduct of other conspirators reasonable foreseeable to you is five kilograms or more" of cocaine. Id. at 33.

In computing the advisory guideline range on the drug conspiracy, Probation held Petitioner responsible for in excess of five kilograms of cocaine, resulting in a base offense level of 30. PSR at ¶ 51. After applying a two-level enhancement for maintaining premise for drug distribution and a three-point reduction for acceptance of responsibility, Petitioner faced a combined offense level of 29. PSR at ¶¶ 51-60. Based on his criminal history category of I, Petitioner's advisory guideline range was computed to be 87 to 108 months' imprisonment. Id. at ¶ 63. Because Petitioner faced a mandatory minimum sentence of ten years on the conspiracy charge, his advisory guideline range on count one was increased to 120 months. Id. As to count two, Petitioner faced a consecutive advisory guideline sentence of five years. Id.

Petitioner made three factual objections, including a claim that he did not receive instructions from Maurio Mitchell in connection with the operation of the drug trafficking operation. PSR at Addendum. On October 5, 2017, defense counsel filed a number of character letters in support of Petitioner, along with a letter in which Petitioner claims to accept responsibility for his conduct. D.E. 39; Sent Tr. at 21.

7

Prior to Petitioner's sentencing hearing, he inquired about the possibility of withdrawing his guilty plea. Section 2255 Memo. [D.E. 77-1] at 3. As shown from Petitioner's memorandum in support of his Section 2255 Motion, it is indisputable that defense counsel informed Petitioner that as a matter of law he would not be able to withdraw his plea agreement. Id.

Petitioner's sentencing hearing was held on October 12, 2017 [D.E. 42]. Notwithstanding defense counsel's advice not to attempt to withdraw his plea agreement, Petitioner began his hearing by moving to withdraw his plea agreement. Sent. Tr. at 2. The Court engaged in a detailed analysis of the six factors set forth in United States v. Moore, 931 F.2d 245 (4th Cir. 1991), and denied Petitioner motion to withdraw his guilty plea. Sent. Tr. at 4-6. The Court then heard argument on Petitioner's PSR objection pertaining to his relationship with Maurio Williams, noting as follows at the outset of such argument: "I'll also alert counsel that acceptance of responsibility is no at issue in light of the motion that was made to begin this hearing." Id. at 8. Following argument on Petitioner's PSR objections, the Court took argument on whether Petitioner qualified for an "acceptance of responsibility" pursuant to USSG § 3E1.1. Id. at 19-23.

As to "acceptance of responsibility," the Court held as follows:

> I don't think that Mr. Tutt has accepted responsibility. I think the second objection [involving his relationship with Maurio Williams] and his request to withdraw his plea here both independently reflect the fact that he has not accepted responsibility. He has not clearly demonstrated acceptance of responsibility for his criminal behavior.

8

Id. at 24. As a result, the Court ruled that Petitioner did not qualify for an "acceptance of responsibility" reduction, increasing Petitioner's advisory guideline range on the drug conspiracy count to 121 to 151 months' imprisonment. Id.

The Court, after reviewing the various 18 U.S.C. § 3553(a) factors, imposed a sentenced of 132 months on the drug conspiracy charge (Count One), to be followed by a consecutive term of 60 months on the gun charge (Count Two). Id. at 33-37. The Court announced that he would "impose the same sentence as a variant sentence if I have in any way miscalculated the advisory guideline range, including the decision with respect to the acceptance of responsibility." Id. at 39.

On October 15, 2017, defense counsel filed a timely notice of appeal [D.E. 45]. On October 20, 2017, the Fourth Circuit appointed Richard Croutharmel as court-appointed appellate counsel [D.E. 53]. On October 31, 2017, the district court granted defense counsel's motion to withdraw as attorney [D.E. 55]. Appellate counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), which acknowledged that there were "no meritorious issue for appeal, but questioning whether the district court abused its discretion by denying Tutt's motion to withdraw his guilty plea, and by denying Tutt a reduction in his offense level for acceptance of responsibility." United States v. Tutt, Appellate Case No 17-4655 (unpublished opinion) [D.E. 61] ("Appellate Opinion") at 2.

On March 15, 2018, the Fourth Circuit issued an opinion affirming the Court's denial of Petitioner's motion to withdraw his guilty plea. Id. In addition, the Fourth Circuit affirmed the Court's decision not to grant Petitioner acceptance of

9

responsibility based on his attempt to withdraw his guilty plea and his objection to "inculpatory wiretap evidence . . . that the Government characterized as central to the factual basis for the plea." Id. at 3. Petitioner filed a writ of certiorari with the Supreme Court, which was denied on October 1, 2018 [D.E. 70].

On October 1, 2019,[3] Petitioner filed a motion seeking to vacate his sentence based on claim that his defense counsel provided ineffective assistance "by failing to advise Petitioner on the relevant law and danger of attempting to withdraw his guilty plea, thereby jeopardizing his 3-point guideline sentencing reduction for acceptance of responsibility." Section 2255 Memo. at 4. Petitioner also attempts to litigate, for the first time, the advisory guideline finding that he is responsible for distribution of at least five kilograms of cocaine. Id. at 17-20. Both his ineffective assistance claim and his belated attempt to pursue a new advisory guideline claim should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## ARGUMENT

### I. Standard of Review.

Petitioner's Section 2255 Motion should be dismissed for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss under Rule 12(b)(6), the Court should "assume the facts alleged in the [Section 2255 Motion] are true and draw all reasonable factual inferences in

---

[3] Petitioner signed his Section 2255 Motion on September 24, 2019 [D.E. 77 at 6] and, according to the envelope received by the Clerk of Court [D.E. 77-3], it appears to have been placed in the BOP mailing on September 26, 2019.

10

[Petitioner's] favor." Burbach Broad. Co. of Delaware v. Elkins Radio Corp., 278 F.3d, 401, 406 (4th Cir. 2002). However, the Court is not required to accept as true any legal conclusions. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Dismissal is warranted if a petitioner fails to establish grounds for entitlement to relief. Bell Atlantic, 550 U.S. at 555. Based on this standard, Petitioner's Section 2255 Motion should be dismissed as failing to state a proper claim.

## II. Petitioner's claim of ineffective assistance of counsel fails under both prongs of the Strickland test.

To prevail on an ineffective assistance of counsel claim, Petitioner must establish the following two elements: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that the outcome of the proceeding would have been different but for counsel's substandard representation. Strickland v. Washington, 466 U.S. 668 (1984); see also Kimmelman v. Morrison, 477 U.S. 365, 382 (1986). A defense counsel does not commit ineffective assistance "by failing to raise [a] legally frivolous claim. . . ." West v. Jordan, 346 Fed.Appx. 312, 319 (10th Cir. 2009).

As to the first prong, Petitioner admits in his filing that his defense counsel informed him that, as a matter of law, he would not be able to withdraw his plea agreement in light of his Rule 11 colloquy. Section 2255 Memo. at 3. Notwithstanding this admission, Petitioner argues that his counsel's legal advice somehow constitutes ineffective assistance of counsel. Section 2255 Motion at 5.

11

This argument fails because Petitioner is unable to show that "counsel's performance fell below and objective standard of reasonableness." Sharpe v. Bell, 593 F.3d 372, 382 (4th Cir. 2010). By specifically advising Petitioner that any attempt to withdraw his plea would fail in light of the extensive and thorough Rule 11 hearing, a fact conceded by Petitioner, it is indisputable that defense counsel provided effective legal representation.[4] Thus, his ineffective claim should be dismissed based on his failure to satisfy the first prong of Strickland.

Dismissal is also necessary because Petitioner is unable to show that he was somehow prejudiced by defense counsel legal advice pertaining to his attempt to withdraw his guilty plea. The Court made it very clear that its decision to withhold "acceptance of responsibility" was based on two independent grounds. Sent Tr. at 24. The Court specifically noted that Petitioner's decision to challenge the portions of the PSR pertaining to his relationship with Maurio Williams "independently reflect[s] the fact that he has not accepted responsibility." Id. Because this separate ground for withholding acceptance is not subject to Petitioner's challenge, he is unable to satisfy the prejudice prong even if counsel's advice was somehow

---

[4]Although Petitioner's memorandum of law contains a number of general allegations pertaining to defense counsel's representation, his admission regarding defense counsel's legal advice on the only issue raised in his Section 2255 Motion allows the issue to be resolved under Rule 12(b)(6). In addition, because Petitioner's ineffective assistance fails on the prejudice prong, it would not be necessary to explore these off the record allegations even if Petitioner could avoid dismissal on the first prong. Notwithstanding the fact that dismissal under Rule 12(b)(6) is the appropriate manner to resolve this case, an affidavit by defense counsel is attached hereto as Exhibit A. To the extent the Court believes it is necessary to consider the affidavit in ruling on Petitioner's claim, the Government alternatively moves for summary judgment pursuant to Federal Rule of Civil Procedure 56.

12

construed to be ineffective assistance, which it is not. In the end, defense counsel was very effective and Petitioner clearly received the benefit of his bargain with the Government. As such, his claim of ineffective assistance fails under both prongs of the Strickland test.

### III. Petitioner's apparent challenge to the Court's sentencing finding regarding drug weight fails because it is non-cognizable, was waived in his plea agreement, and was procedurally defaulted.

As a general rule, Section 2255 does not allow for collateral challenges to sentencing guideline issues. United States v. Foote, 784 F.3d 931, 936 (4th Cir. 2015), cert. denied, 135 S.Ct. 2850 (2015); United States v. Pregent, 190 F.3d 279, 283-284 (4th Cir. 1999). However, a narrow exception exists if a petitioner can show "a fundamental defect which inherently results in a complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 246 (1974). This exception "is only satisfied when a court is presented with 'exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent.'" Foote, 784 F.3d at 936 (quoting Hill v. United States, 368 U.S. 424, 428 (1962)).

Petitioner cannot meet this narrow exception. The Court properly determined the amount of drug weight involved in this large drug trafficking conspiracy. Law enforcement ultimately seized in excess of seven kilograms of cocaine from this organization. Petitioner himself was found in possession of close to one kilogram of cocaine and four additional kilogram-sized empty cocaine wrappers. Furthermore, the amount of cutting agent located at Petitioner's stash

13

house evidenced his involvement in the movement of massive amounts of cocaine. As stated by the Government at sentencing, the amount of cutting agent seized from the Petitioner would support the production of more than 200 pounds of product. Sent. Tr. at 29. Because Petitioner is unable to show that the Court's sentencing findings come anywhere close to a miscarriage of justice, his attempt to re-litigate these issues fails as noncognizable under Section 2255.

Petitioner has further waived this argument pursuant to the terms of his written plea agreement. "[A] criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). As shown from the extensive and thorough Rule 11 hearing, Petitioner's waiver was "knowing and intelligent." Due to Petitioner's waiver of his post-conviction rights, he is precluded from challenging the Court's application of the advisory sentencing guidelines.

Finally, dismissal is required because Petitioner procedurally defaulted whether he is responsible for in excess of five kilograms of cocaine in connection with the drug conspiracy. It is indisputable that Petitioner pleaded guilty to a conspiracy to distribute or possess with intent to distribute in excess of five kilograms of cocaine [D.E. 1]. The written plea agreement references this fact in two separate provisions [D.E. 28 at ¶¶ 2(a), 3(a)]. It was addressed at Petitioner's Rule 11 hearing [D.E. 56 at 22-24] and in the PSR [D.E. 35 at ¶ 51]. It was also addressed at his sentencing hearing [D.E. 58 at 6]. Procedural default reflects the "general rule" that claims not raised at trial or on direct appeal "may not be raised on collateral review." Massaro

14

<u>v. United States</u>, 538 U.S. 500, 504 (2003).  Because Petitioner has clearly waived any challenge to drug weight by failing to previously assert it, it should be dismissed as procedurally waived.

## **CONCLUSION**

For the foregoing reasons, the Court should dismiss the Petitioner's Section 2255 Motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Respectfully submitted, this 17th day of January, 2020.

                              ROBERT J. HIGDON, JR.
                              United States Attorney

By:   /s/ Dennis M. Duffy
       DENNIS M. DUFFY
       Assistant United States Attorney
       Civil Division
       150 Fayetteville Street
       Suite 2100
       Raleigh, NC 27601
       Telephone: (919) 856-4530
       Email: dennis.duffy@usdoj.gov
       N.C. Bar # 27225
       Attorney for United States of America

**CERTIFICATE OF SERVICE**

I do hereby certify that I have this 17th day of January, 2020, served a copy of the foregoing upon the below-listed party by electronically filing the foregoing with the Court on this date using the CM/ECF system or placing a copy in the United States Mail to the following:

Keith Lamont Tutt
#63397-056
FCI Allenwood Low
P.O. Box 1000
White Deer, PA 17887

                                                        BY:   /s/ Dennis M. Duffy_____
                                                        DENNIS M. DUFFY
                                                        Assistant United States Attorney
                                                        Civil Division
                                                        150 Fayetteville Street
                                                        Suite 2100
                                                        Raleigh, NC 27601
                                                        Telephone: (919) 856-4530
                                                        Email: dennis.duffy@usdoj.gov
                                                        N.C. Bar # 27225
                                                        Attorney for United States of America