IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CR-142-D
No. 5:19-CV-435-D

| | |
|---|---|
| KEITH LAMONT TUTT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On October 1, 2019, Keith Lamont Tutt ("Tutt") filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his 192-month sentence [D.E. 77]. On January 17, 2020, the government moved to dismiss Tutt's motion [D.E. 88] and filed a memorandum in support [D.E. 89]. On February 25, 2020, Tutt responded in opposition [D.E. 91]. As explained below, the court grants the government's motion to dismiss.

I.

On July 11, 2017, pursuant to a written plea agreement [D.E. 28], Tutt pleaded guilty to conspiracy to distribute and possess with the intent to distribute 5 kilograms or more of cocaine (count one) and possession of a firearm in furtherance of a drug trafficking offense (count two). See Rule 11 Tr. [D.E. 56] 1–39; [D.E. 26]. On October 12, 2017, the court held Tutt's sentencing hearing and calculated Tutt's advisory guideline range to be 121 to 151 months' imprisonment on count one and 60 months' consecutive imprisonment on count two. See Sentencing Tr. [D.E. 58] 1–25; [D.E. 42, 49]. At the sentencing hearing, the court denied Tutt's motion to withdraw his guilty plea and declined to give Tutt credit for acceptance of responsibility. See Sentencing Tr. at 1–25.

After considering all relevant factors under section 3553(a), the court sentenced Tutt to 132 months' imprisonment on count one and 60 months' consecutive imprisonment on count two. See id. at 33–40. Tutt appealed [D.E. 45]. On March 15, 2018, the United States Court of Appeals for the Fourth Circuit affirmed this court's judgment. See United States v. Tutt, 727 F. App'x 766, 767–68 (4th Cir.) (per curiam) (unpublished), cert. denied, 139 S. Ct. 206 (2018). In affirming, the Fourth Circuit held that this court properly declined to permit Tutt to withdraw his guilty plea and properly declined to give Tutt credit for acceptance of responsibility. See id.

In Tutt's section 2255 motion, he contends that his counsel was constitutionally ineffective by failing to advise Tutt about the "relevant law and danger of attempting to withdraw his guilty plea" and thereby jeopardize a three-level reduction for acceptance of responsibility. See [D.E. 77] 4; [D.E. 77-1] 5–16. Tutt also contest the court's finding that Tutt was responsible for distributing at least five kilograms of cocaine. See [D.E. 77-1] 17–20.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201(d); Tellabs, Inc. v. Makor Issues & Rights, Ltd.,

2

551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

Tutt procedurally defaulted his drug-weight claim by failing to raise it on direct appeal. Thus, the general rule of procedural default bars Tutt from presenting this claim under section 2255. See, e.g., Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614, 621 (1998); United States v. Fugit, 703 F.3d 248, 253 (4th Cir. 2012); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). Furthermore, Tutt has not plausibly alleged "actual innocence" or "cause and prejudice" resulting from the alleged error about which he now complains. See Bousley, 523 U.S. at 622–24; Coleman v. Thompson, 501 U.S. 722, 753 (1991); United States v. Frady, 456 U.S. 152, 170 (1982); United States v. Pettiford, 612 F.3d 270, 280–85 (4th Cir. 2010); Sanders, 247 F.3d at 144; United States v. Mikalajunas, 186 F.3d 490, 492–95 (1999). Indeed, Tutt pleaded guilty to conspiracy distribute and possess with intent to distribute 5 kilograms or more of cocaine. See Rule 11 Tr. at 1–39. Thus, the claim fails.

Alternatively, Tutt's plea agreement contains an appellate waiver. See [D.E. 28] ¶ 2(c). In the waiver, Tutt agreed

> [t]o waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal the conviction and whatever sentence is imposed on any ground, including any appeal pursuant to 18 U.S.C. § 3742, and further to waive any rights to contest the conviction or the sentence in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea. The foregoing appeal

3

> waiver does not constitute or trigger a waiver by the United States of any of its rights to appeal provided by law.

Id. In light of Tutt's Rule 11 proceeding, the appellate waiver is enforceable. See United States v. Copeland, 707 F.3d 522, 528–30 (4th Cir. 2013); United States v. Davis, 689 F.3d 349, 354–55 (4th Cir. 2012) (per curiam); United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012); United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). Accordingly, the waiver bars Tutt's drug-weight claim.

As for Tutt's ineffective assistance of counsel claims, the "Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding, including plea negotiations, trial, sentencing, and appeal. See, e.g., Lafler v. Cooper, 566 U.S. 156, 164–65 (2012); Missouri v. Frye, 566 U.S. 134, 140 (2012); Glover v. United States, 531 U.S. 198, 203–04 (2001). "[S]entencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover, 531 U.S. at 203–04. To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment, Tutt must show that his attorney's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668, 687–91 (1984).

When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting

4

effects of hindsight." Id. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 691–96. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694. When a defendant pleads guilty and then attacks his guilty plea under 28 U.S.C. § 2255, "to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); see Lee v. United States, 137 S. Ct. 1958, 1967 (2017). "Surmounting Strickland's high bar is never an easy task, and the strong societal interest in finality has special force with respect to convictions based on guilty pleas." Lee, 137 S. Ct. at 1967 (quotations and citations omitted).

Tutt attacks counsel's alleged failure to advise him about the dangers of attempting to withdraw his guilty plea. During Tutt's Rule 11 proceeding, Tutt swore that he understood the charges to which he was pleading guilty. See Rule 11 Tr. at 3–34. Tutt also swore that he was fully satisfied with his lawyer's legal services, that he had reviewed and discussed his entire plea agreement with counsel before he signed it, that he understood each term in the plea agreement, and that the plea agreement constituted the entire agreement that he had with the government. See id. Tutt also swore that he understood that the court could sentence him up to the statutory maximum on the count of conviction, and that if the court did so, Tutt could not withdraw his guilty plea. See id. Tutt also swore that he understood that if the court accepted his guilty plea, then he could not withdraw his guilty plea. See id. at 31.

Tutt's sworn statements at his Rule 11 proceeding bind him. See, e.g., Blackledge, 431 U.S. at 74; United States v. Moussaoui, 591 F.3d 263, 299–300 (4th Cir. 2010); United States v.

5

Lemaster, 403 F.3d 216, 221–23 (4th Cir. 2005). Those sworn statements show that Tutt admitted to the charged crimes. Tutt's sworn statements also show that Tutt understood that, even if he received a statutory-maximum sentence on each count of conviction, he could not withdraw his guilty plea and would not be able to go to trial. Accordingly, Tutt has not plausibly alleged "that, but for counsel's [alleged] unprofessional error[s], the result of the proceeding would have been different." Strickland, 466 U.S. at 694; see Lee, 137 S. Ct. at 1967–69; Hill, 474 U.S. at 59; Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992). Simply put, Tutt would not have "insisted on going to trial." Hill, 474 U.S. at 59; see Lee, 137 S. Ct. at 1967–69; Strickland, 466 U.S. at 694. Thus, Tutt cannot show prejudice from the alleged error, and the claim challenging his guilty plea fails.

To the extent Tutt challenges his sentence, the claim fails concerning counsel's performance. Tutt admits that his lawyer told him that he could not withdraw his guilty plea in light of the Rule 11 colloquy. See [D.E. 77-1] 3. The court also told Tutt at his Rule 11 hearing that he could not withdraw his guilty plea once the court accepted it. See Rule 11 Tr. at 26–31. By advising Tutt that any attempt to withdraw his guilty plea would fail due to the thorough Rule 11 proceeding, counsel performed reasonably. See Strickland, 466 U.S. at 689–91.

Alternatively, the claim fails as to prejudice. To prove prejudice concerning an alleged sentencing error, Tutt must plausibly allege a reasonable probability that defendant would have been sentenced differently if the error had not occurred. See Sears v. Upton, 561 U.S. 945, 956 (2010); United States v. Carthorne, 878 F.3d 458, 469–70 (4th Cir. 2017). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

At Tutt's sentencing hearing, the court properly denied Tutt's motion to withdraw his guilty plea. See Tutt, 727 F. App'x at 767. After denying the motion to withdraw his guilty plea, the court

6

ultimately denied acceptance of responsibility for two independent reasons: Tutt's objection to Tutt's relationship with Mario Mitchell and Tutt's attempt to withdraw his guilty plea. See Sentencing Tr. at 22–24. Thus, even if Tutt had not sought to withdraw his guilty plea, the court still would have denied acceptance of responsibility. See id. at 8–24, 33–40. Accordingly, there was no prejudice from counsel's alleged failure to advise Tutt about the danger of attempting to withdraw his guilty plea. Moreover, and in any event, when this court sentenced Tutt, the court announced an alternative variant sentence. See id. at 39; United States v. Gomez-Jimenez, 750 F.3d 370, 382–86 (4th Cir. 2014); United States v. Hargrove, 701 F.3d 156, 160–65 (4th Cir. 2012). The alternative variant sentence defeats any claim that counsel's performance prejudiced Tutt as to his sentence. See Molina-Martinez v. United States, 136 S. Ct. 1338, 1345–47 (2016); United States v. Feldman, 793 F. App'x 170, 173–74 (4th Cir. 2019) (per curiam) (unpublished).

After reviewing the claims presented in Tutt's motions, the court finds that reasonable jurists would not find the court's treatment of Tutt's claims debatable or wrong and that the claims do not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

II.

In sum, the court GRANTS the government's motion to dismiss [D.E. 88], DISMISSES Tutt's section 2255 motion [D.E. 77], and DENIES a certificate of appealability. The clerk shall close the case.

SO ORDERED. This 21 day of August 2020.

JAMES C. DEVER III
United States District Judge